IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

B'NAI BRITH MENS CAMP ASSOCIATION,

      Plaintiff,

      v.

LINCOLN COUNTY ASSESSOR,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

TC-MD 120336D

**DECISION**

Plaintiff appealed Defendant's denial of property tax exemption for property identified as Account R484171 (subject property) for the 2010-11 tax year. This matter was submitted to the court on cross-motions for summary judgment. An oral argument was held by telephone on November 13, 2012. Irving Potter, Attorney, appeared on behalf of Plaintiff. Kristin Yuille, Assistant County Counsel, appeared on behalf of Defendant.

## I. STATEMENT OF FACTS

There are no material issues of fact. "In October, 2009, Plaintiff acquired tax lot R484171," the subject property. (Stip Facts 3.) "Plaintiff filed an Application for Real and Personal Property Tax Exemption [Application] on September 2, 2010,[1]" and "[o]n September 2, 2010 the Lincoln County Assessor ('Defendant'), by letter to Plaintiff * * * denied Plaintiff's Application For Real and Personal Tax Exemption." (Stip Facts 4.) Defendant's letter stated that it was denying Plaintiff's Application because "[n]o late fee was found with your application." (Stip Facts, Ex C.) "On November 22, 2011 Plaintiff filed an Application For Real [a]nd Personal Property Tax Exemption, together with a late fee[.]" (Stip Facts 5.) In its letter

---

[1] Defendant's letter dated September 2, 2010, states that Plaintiff's Application was dated July 21, 2010, and received on August 2, 2010. (Stip Facts Ex C.)

dated January 26, 2012, Defendant stated that Plaintiff's Application "is denied for the 2010-11 tax year for the reasons stated in the November 28, 2011 letter." (Stip Facts, Ex E.)

## II. ANALYSIS

The issue before the court is whether Plaintiff's application for 2010-11 property tax exemption for the subject properties under ORS 307.130 was timely filed under ORS 307.162. [2] The parties filed cross motions for summary judgment. The standard for summary judgment is provided by Tax Court Rule (TCR) 47,[3] which provides in pertinent part:

> "The court shall grant the motion if the pleadings, depositions, affidavits, declarations, and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. No genuine issue as to a material fact exists if, based upon the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment."

A taxpayer seeking an exemption under ORS 307.130 must file an application pursuant to the provisions of ORS 307.162. ORS 307.130 provides, in relevant part: "Upon compliance with ORS 307.162, the following property owned or being purchased by * * * benevolent, charitable and scientific institutions shall be exempt from taxation[.]" ORS 307.162(1)(b) states: "If the ownership of all property included in the claim filed with the county assessor for a prior year remains unchanged, a new claim is not required." Ownership of the subject property changed and a new claim was required. ORS 307.162(1)(a) provides, in relevant part:

> "*Before any real or personal property may be exempted from taxation under ORS * * * 307.130 * * * for any tax year*, the institution or organization entitled to claim the exemption must file a claim with the county assessor, *on or before April 1 preceding the tax year for which the exemption is claimed*. The claim must

---

[2] Unless otherwise noted, all references to the Oregon Revised Statutes (ORS) are to 2009.
[3] TCR 47 is made applicable through the Preface to the Magistrate Division Rules, which states in pertinent part, that "[i]f circumstances arise that are not covered by a Magistrate Division rule, rules of the Regular Division of the Tax Court may be used as a guide to the extent relevant."

contain statements * * * [l]ist[ing] all real property claimed to be exempt and show the purpose for which the real property is used[.]"

(Emphasis added).  ORS 307.162(2)(a) allows for late filing of an application:

"Notwithstanding subsection (1) of this section, a claim may be filed under this section:

"(A) *On or before December 31 of the tax year for which the exemption is claimed*, if the claim is accompanied by a late filing fee of the greater of $200, or one-tenth of one percent of the real market value as of the most recent assessment date of the property to which the claim pertains.

"(B) *On or before April 1 of the tax year for which the exemption is claimed*, if the claim is accompanied by a late filing fee of $200 and the claimant demonstrates good and sufficient cause for failing to file a timely claim, is a first-time filer or is a public entity described in ORS 307.090."

(Emphasis added.)

The "tax year" is a fiscal year that begins on July 1 and ends 12 months later on June 30.

ORS 308.007(1)(c).  For the 2010-11 tax year, the "tax year" began on July 1, 2010, and ended

June 30, 2011.

Plaintiff filed two Applications for the subject property.  Plaintiff's first Application was

received by Defendant on August 2, 2010.  (Def's Ex 3.)  Defendant denied Plaintiff's

Application because Plaintiff did not remit a late fee with its Application.  (*Id*.)  In its letter dated

September 2, 2010, Defendant wrote:

"If you wish to appeal this decision, Oregon Revised Statute 307.475 allows you to make an appeal to the Oregon Department of Revenue for a late filed application under the 'hardship' statute.

"To appeal other legal issues, Oregon Revised Statute 305.280 allows you 90 days from this date to file an appeal petition with the Magistrate Division of the Oregon Tax Court at (mailing) 1163 State Street, Salem, OR 97301."

(*Id*.)  Plaintiff makes no claim that it remitted a late filing fee or appealed Defendant's denial.

Plaintiff's second Application with late fee was filed on November 22, 2011.  (Stip Facts

5.)  Defendant denied Plaintiff's Application, referencing its November 28, 2011, letter, stating

that "account R484171 * * * was denied on a late exemption filing for the 2010-11 tax year due to the lack of a late fee and the appeal time has elapsed." (Def's Ex 5.) Plaintiff's application for the 2010-11 tax year was not timely under any of the deadlines identified in ORS 307.162(1) and (2)(a).

Plaintiff alleges that because it owns property adjacent to the subject property that is exempt from property taxation, "Plaintiff's Application satisfied the content requirements of ORS 307.162(4)(a) – (b) for the circumstance that 'an institution or organization owns property that is exempt from taxation * * * fails to file a timely claim for exemption * * * for *additions or improvements* to the exempt property.' " (Emphasis added.) ORS 307.162(4)(a) states in pertinent part:

> "Notwithstanding subsection (1) of this section if an institution or organization owns property that is exempt from taxation under a provision of law listed in subsection (1) of this section and fails to make a timely application for exemption under subject (1) of this section for additions or improvements to the exempt property, the additions or improvements may nevertheless qualify for exemption."

Plaintiff's interpretation of the statute is based on its assumption that the subject property is exempt by virtue of its proximity to adjacent exempt property owned by Plaintiff. Plaintiff characterizes the subject property as an addition or improvement to the exempt property, citing ORS 307.162(4)(a). (Ptf's Mem in Supp Summ J at 5.) According to Plaintiff, "the exempt property" is a parcel adjacent to the subject property. The subject property was a separate parcel at the time Plaintiff acquired it. (Stip. Facts 3.)

In interpreting ORS 307.162(4), the court looks to the leading case on statutory interpretation for guidance, *Portland General Elec. v. Bureau of Labor and Industries*, 317 Or 606, 859 P 2d 1143 (1993). "In interpreting a statute, the court's task is to discern the intent of the legislature." *Id*. at 610. The legislative intent is to be determined first from the text and

context of the statute. *Id*. "In trying to ascertain the meaning of a statutory provision, * * * the court considers rules of construction of the statutory text that bear directly on how to read the text. Some of those rules are mandated by statute, including * * * the statutory enjoinder 'not to insert what has been omitted, or to omit what has been inserted.' " *Id*. at 611 (citing ORS 174.010). After examining text and context, the court may consider legislative history that "appears useful to the court's analysis." *State v. Gaines*, 346 Or 160, 172, 206 P3d 1042 (2009). Finally, "[i]f the legislature's intent remains unclear after examining text, context, and legislative history, the court may resort to general maxims of statutory construction to aid in resolving the remaining uncertainty" *Id*.

There are no statutory definition of additions and improvements. For the "plain, natural, and ordinary meaning" of "addition" and "improvement," the court looks to Webster's Dictionary. "Addition" is defined as: "a part added to or joined with a building to increase available space; facilities, structures, equipment, or other property added to what is already in service." *Webster's Third New Int'l Dictionary* 24 (unabridged ed 2002). "Improvement" is defined as: "act or process of improving. *Id.* at 1138. "Improve" is defined as: "to increase the value of (land or property) by making it more useful for humans." *Id.* The dictionary definitions offer some guidance but are not dispositive in helping the court discern legislative intent.

In addition to the plain meaning, the court looks to legislative history to discern legislative intent. ORS 307.162(4) was enacted in 1999 and labeled ORS 307.162(3).[4] *See* Senate Bill 244 (1999). The legislative testimony focused on the intent to permit an exempt organization to add or improve its existing facilities without requiring the organization to file a

---

[4] Defendant incorrectly stated that the ORS was effective July 1, 2011. (Def's Cross-Mot for Summ J at 2 and Resp to Ptf's Mot for Summ J at 10.) The relevant revisions to ORS 307.162(4) were enacted in 1999 and apply to property added or improved beginning July 1, 1994.

new application in order for the organization to remain exempt from property taxation. The testimony and bill summary discuss a recent Secretary of State audit that concluded the Medford YMCA would lose its property tax exemption because it added a swimming pool but failed to file the required application to include the improvement/addition. *See* House Revenue Committee, SB 244A Exemptions, Exhibit 15, Jim Manary, Department of Revenue, May 20, 1999, Sections 9-10 Charitable Exemptions: New Property or Change of Use; 70th Oregon Legislative Assembly, Staff Measure Summary, Exhibit 17, Lizbeth Martin-Mahar, Economist, May 20, 1999.

Plaintiff's attempt to qualify the subject property for property tax exemption by alleging that ORS 307.162(4) is applicable to the subject property does not fit with the legislative intent to rescue exempt organizations that make additions or improvements to their existing exempt property and fail to file an Application listing those additions or improvements. Plaintiff submitted no evidence that the subject property like the Medford YMCA included new structures or other features that meet the statutory requirements of "additions" or "improvements" to its existing exempt property.

In this case, Plaintiff acquired the property in October 2009, knew it was required to file an Application because of a change in ownership and did so on July 21, 2010. Plaintiff acknowledged in its Application that a late fee was required, stating that a late fee was attached but it was not attached. When notified that it failed to submit the required late filing fee, Plaintiff took no action for more than a year. Plaintiff filed a second Application, attaching a late fee for both the 2010-11 and 2011-12 tax years. Defendant denied Plaintiff's Application for the 2010-11 tax year.[5]

---

[5] Defendant granted Plaintiff's Application for the 2011-12 tax year. (Def's Ex 6.)

Plaintiff filed its Complaint, alleging that ORS 307.162(4) is applicable. The court concludes that it is not. For ORS 307.162(4) to be applicable, in accordance with the statutory text and with guidance from legislative history, the subject property must first have been granted exemption, and then improvements or additions made to the existing exempt property. There is no evidence that the subject property is exempt and that an addition or improvement was made to the existing exempt subject property.

### III.  CONCLUSION

After careful consideration of the evidence, the court concludes that ORS 307.162(4) is not applicable to the subject property and Plaintiff's appeal is denied. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's Motion for Summary Judgment is denied.

IT IS FURTHER DECIDED that Defendant's Cross-Motion for Summary Judgment is granted.

Dated this ____ day of January 2013.


_____
JILL A. TANNER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Presiding Magistrate Jill A. Tanner on January 7, 2013. The Court filed and entered this document on January 7, 2013.*